IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| ELLIOTT JACKSON | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | Civil No.1:08CV1370HSO-JMR |
| | § | |
| BALBOA INSURANCE COMPANY | § | |
| GMAC MORTGAGE, LLC | § | |
| AND JOHN DOES 1 THROUGH 10 | § | DEFENDANTS |

## ORDER AND REASONS DENYING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [10] of Plaintiff Elliott Jackson, filed on November 12, 2008. Defendants Balboa Insurance Company ("Balboa") and GMAC Mortgage, LLC ("GMAC") filed a Responses [13, 14]. No Reply was filed. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his Complaint on or about August 29, 2008, in the County Court of Jackson County, Mississippi, against Balboa, GMAC, and John Does 1 through 10. On October 29, 2008, GMAC removed the case to this Court on grounds that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, and that this Court therefore had subject matter jurisdiction over this matter pursuant to § 1332 of title 28 of the United States Code. Balboa filed a Joinder [3] to removal on October 29, 2008. On or about November 12, 2008, Plaintiff filed his Motion to

Remand, contending that the Complaint was improperly removed since it did not seek monetary relief in excess of $75,000.00.

**B.      Factual Background**[1]

Plaintiff's dwelling, located in Pascagoula, Mississippi, was secured by a mortgage issued by GMAC.  On behalf of Plaintiff, GMAC purchased from Balboa a standard policy ("Policy"), number B-7165450, providing insurance on Plaintiff's dwelling in the amount of $74,941.00.  On or about August 29, 2005, prior to the Policy's expiration, Hurricane Katrina struck the Mississippi Gulf Coast causing a loss to the dwelling "in excess of the limits of the subject policy."[2]  Pl.'s Compl. ¶ 10.

Plaintiff asserts that he is entitled to reimbursement and/or full coverage under the Policy and that, to date, he has not been compensated for his loss.  He seeks a declaration from this Court that, essentially, he is entitled to the full value of coverage available under the Policy.  Plaintiff also seeks specific performance of the insurance contract and indemnity for the expenses he has incurred and will incur as a result of not being paid on the Policy.

Damages sought include: full coverage limits under the Policy, other monies to which Plaintiff believes he is entitled, and "other such equitable relief set forth in the Complaint, including but not limited to, specific performance, indemnity and/or a

---

[1] Because neither Defendant has filed an Answer in this case, the facts are based solely upon the allegations set forth in Plaintiff's Complaint.

[2] Plaintiff was allegedly unaware of the Policy until July 2008.  *See* Pl.'s Compl. ¶ 13.  Prior to this time, Plaintiff proceeded to repair damage to his dwelling "for which he [ ] expended considerable sums."  *Id.* ¶ 13.

constructive trust"; consequential and incidental damages resulting from Balboa's refusal to pay on the Policy; attorneys' fees, litigation expenses, funds expended on experts, and pre- and post-judgment interest. The *ad damnum* clause of the Complaint states that

> Plaintiff demands judgment against the Defendant, BALBOA INSURANCE COMPANY, of actual damages in the amount of the limits of liability of the insurance policy, and other sums he should have been paid under the insurance policy in an amount sufficient to make Plaintiff whole, together with all costs, attorneys' fees and pre- and post-judgment interest. Plaintiff requests any further relief that may be appropriate.

Pl.'s Compl. ¶ 40.

## II. **DISCUSSION**

Pursuant to § 1332 of title 28 of the United States Code, federal district courts have subject matter jurisdiction over all civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is diversity of citizenship. *See* 28 U.S.C. § 1332. There is no serious dispute in this case that the parties are diverse. The only question before this Court, therefore, is whether the jurisdictional requirement of the amount in controversy is satisfied.

The "amount in controversy should be determined at the time of filing." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). In cases where an exact amount is pled, the sum claimed by the plaintiff controls if the claim is made in good faith. *See Thrash v. New England Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 693 (S.D. Miss. 2008). "If a defendant can prove by a preponderance of the evidence

that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Id.* (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). However, where no specific amount is alleged in the Complaint,

> the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*Id.* at 675 (*quoting St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Here, the Complaint states that "...the amount in controversy does not exceed $75,000.00." Pl.'s Compl. ¶ 5; *see also* Pl.'s Mot. at p. 1 ("The Complaint filed by the Plaintiff herein specifically states that he is not seeking monetary relief in excess of $75,000.00."). Such statements do not set forth a specific monetary demand. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 722-23 (5th Cir. 2002). The Court finds, however, that even if the Complaint stated an amount certain, the Court retains jurisdiction over this case on grounds that Defendants have satisfied their burden that the amount in controversy meets the jurisdictional requirement, while Plaintiff has not shown to a legal certainty that he would be

unable to recover an amount exceeding $75,000.[3]

In satisfying their preponderance of the evidence burden, Defendants must demonstrate that "it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. Because the Policy provides coverage for Plaintiff's dwelling in the amount of $74,941.00, and because Plaintiff seeks full coverage under the Policy, Defendants must show that it is more likely than not that Plaintiff's Complaint seeks an additional $59.01.

Here Plaintiff alleges a loss to the dwelling in excess of the policy limits, and seeks policy limits plus, among other things, consequential and incidental damages. Based upon the facts of this case, the damages sought, and the minimal remaining amount needed to satisfy the amount in controversy, it is facially apparent that the jurisdictional requirement has been met. *See, e.g., Peninsula Island Resort & Spa, LLC v. Systems Products International, Inc.*, No. B-08-372, 2008 WL 4511594, at * 4 (S.D. Tex. Oct. 2, 2008) (finding it facially apparent that the complaint set forth an amount exceeding $75,000.00 where plaintiff sought, among other things, an unspecified amount of consequential damages); *Marion v. Rent-A-Center, Inc.*, No.

---

[3]Plaintiff's one page Motion does not set forth any case law in support of remand and states only that "[t]he Complaint filed by the Plaintiff herein specifically states that he is not seeking monetary relief in excess of $75,000. Thus, the parties have not satisfied the monetary requirement for federal jurisdiction, and there is no federal issue presented by either party which would require jurisdiction by this Court." Pl.'s Mot. at p. 1. Plaintiff has not filed a Reply to Defendants' Responses, or otherwise attempted to prove to a legal certainty that the jurisdictional amount could not be satisfied.

2:06cv193, 2007 WL 1703830, at * 1 (N.D. Miss. June 13, 2007) (considering consequential damages in determining that the amount in controversy was facially apparent on the plaintiff's complaint).

### III. CONCLUSION

This case was properly removed from the County Court of Jackson County, Mississippi. Based upon the foregoing, the amount in controversy is satisfied and this Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [10] of Plaintiff Elliott Jackson, filed on November 12, 2008, in the above captioned cause, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE